DENNIS A. CAMMARANO/BAR NO. 123662
CAMMARANO LAW GROUP
555 East Ocean Boulevard, Suite 501
Long Beach, California 90802
Telephone: (562) 495-9501
Facsimile: (562) 495-3674

Attorneys for Plaintiff
 T.J. Trading, Inc.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| T.J. TRADING, INC., | **IN ADMIRALTY** |
| Plaintiff, | Case No.: |
| vs. | **COMPLAINT FOR:** |
| KERRY FREIGHT (USA) INCORPORATED; and DOES 1 through 10, inclusive, | **1. NON-DELIVERY OF CARGO;** |
| | **2. NEGLIGENCE/WILFUL MISCONDUCT/ UNSEAWORTHINESS** |
| Defendants. | **3. BREACH OF CONTRACT** |
| | **4. BREACH OF BAILMENT** |

COMES NOW, Plaintiff, T.J. TRADING, INC. for itself and for causes of action against KERRY FREIGHT (USA) INCORPORATED and Does 1 through 10, inclusive, ("Defendants"), alleges as follows:

## JURISDICTION AND VENUE

1.     This action involves admiralty or maritime claims within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and is within this court's admiralty and maritime jurisdiction.  As well, this court has jurisdiction under a Federal Question under 28 U.S.C. § 1331, in that the dispute arises under federal law, namely, the Carriage of Goods by Sea Act ("COGSA"), 46 U.S.C. § 30701 et. seq.

2.     At all times material herein, Plaintiff, T.J. TRADING, INC.

(hereinafter "T.J." or "Plaintiff") was a domestic corporation with an office and place of business at 2030 Central Avenue, Duarte, CA 91010. Plaintiff brings this on its own behalf as the consignee and owner of the below described cargo.

3.     At all times material herein, Defendant KERRY FREIGHT (USA) INCORPORATED (hereafter, "KERRY FREIGHT" or with Does "Defendants") is a corporation doing business in this judicial district as a non-vessel operating common carrier with an office and place of business located at 565 Brea Canyon Road, Ste. D, Walnut, CA 91789.

4.     The true names and capacities, whether individual, corporate, associate or otherwise, of Defendants designated herein as DOES 1 through 10, inclusive, are unknown to Plaintiff who therefore sues said Defendants by such fictitious names.

5.     Plaintiff is informed and believes, and thereon alleges, that each of Defendants designated herein as a DOE 1 through 10, inclusive, is, in some manner, legally responsible for the events and happenings herein referred to, and when the names and capacities of said Defendants are ascertained, Plaintiff will seek leave of Court to amend this Complaint to reflect their true names and capacities.

## FIRST CAUSE OF ACTION

(Non-Delivery of Cargo)

6.     Plaintiff incorporates by reference paragraphs 1 through 5, inclusive, of this Complaint as fully set forth herein.

7.     On or about November 17, 2020, Defendants and each of them accepted a shipment of 298 cartons of assorted mats and bins ("Cargo") to be carried from Yantian, China to Long Beach, California in container HMMU6078217 in the same good order and condition as when received under KERRY FREIGHT bill of lading number A2011281478 dated November 17, 2020 issued on behalf of Defendants, copy of which is attached as Exhibit 1.

8.     Defendants failed and neglected to carry, handle and monitor the Cargo and maintain its good order and condition as when received. To the contrary, the Cargo was not delivered.

9.     By reason of the foregoing, Plaintiff has been damaged in the sum of $29,356.74, plus miscellaneous expenses, interest and costs, no part of which has been paid by Defendants despite demand therefor.

## SECOND CAUSE OF ACTION

(Negligence/Wilful Misconduct/Unseaworthiness)

10.     Plaintiff incorporates by references paragraphs 1 through 9, inclusive, of this Complaint as though fully set forth herein.

11.     The loss to the Cargo was directly and proximately caused by the fault, neglect, willful misconduct, breach of statutory and/or common law duty of Defendants, and each of them, as well as the unseaworthiness of the carrying vessel and/or containers housing the Cargo.

12.     As a direct and proximate result of such conduct, Plaintiff has been damaged in the sum of $29,356.74, plus miscellaneous expenses, interest and costs, no part of which has been paid by Defendants despite demand therefor.

## THIRD CAUSE OF ACTION

(Breach of Contract)

13.     Plaintiff incorporates by reference paragraphs 1 through 12, inclusive, of this Complaint as though fully set forth herein.

14.     On or about November 17, 2020, Defendants agreed to safely handle, store, transport and deliver the Cargo in the same good order and condition as when received.

15.     Defendants materially and substantially breached and deviated from their agreement by failing to deliver the Cargo in the same good order and condition as when received.

16.     All, of any, conditions and/or covenants required to be performed in

accordance with the terms and conditions of the agreement, were complied with or otherwise excused.

17.     As a direct and proximate result of the breach of, and deviation from, the agreement by Defendants, Plaintiff has been damaged in the sum of $29,356.74, plus miscellaneous expenses, interest and costs, no part of which has been paid by Defendants.

## FOURTH CAUSE OF ACTION

(Breach of Bailment)

18.     Plaintiff incorporates by reference paragraphs 1 through 17, inclusive, of this Complaint as though fully set forth herein.

19.     The damage of the Cargo was directly and proximately caused by the acts and omissions of Defendants in violation of their statutory and common law duties and/or obligations as bailees to safely care for the Cargo.

20.     As a direct and proximate result of Defendants' breach of obligation, Plaintiff has been damaged in the sum of $29,356.74, plus miscellaneous expenses, interest and costs, no part of which has been paid by Defendants despite demand therefor.

**WHEREFORE**,  Plaintiff prays for judgment against Defendants, and each of them, as follows:

1.     For general damages in the sum of $29,356.74, miscellaneous expenses, interest and costs;

2.     For pre-judgment interest from November 17, 2020, at the rate of 10% per annum or as otherwise allowable by the court;

3.     For post-judgment interest at the maximum allowable rate;

///

///

1       4.      For costs of suit herein; and,

2       5.      For such other and further relief as this court deems just and proper.

3

4   Dated: March 26, 2021                    CAMMARANO LAW GROUP

5

6                                    By:   /s/ Dennis A. Cammarano

7                                          Dennis A. Cammarano
                                           Attorneys for Plaintiff,
                                           T.J. TRADING, INC.
8                                          3529complaint 032521.wpd

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28